UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM JABBAR HOWELL,<br><br>Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER,<br><br>Respondent. | Case No. 24-cv-00420-JD<br><br>**ORDER RE DISMISSAL**<br>Re: Dkt. No. 7 |

Kareem Howell, a California prisoner, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Howell was convicted in Santa Clara County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). He has also filed a motion to proceed in forma pauperis.

## BACKGROUND

In 2002, Howell was found guilty of possession for sale of a controlled substance. Petition at 1, 7. He was sentenced to 25 years to life under California's Three Strikes Law. Howell filed a prior federal habeas action in this Court regarding the same conviction. Case No. 04-cv-5449 MJJ. That petition was denied on the merits on July 11, 2007. *Id*., Dkt. No. 19. Howell filed two other habeas petitions with the Court that were dismissed as successive. *See Howell v. Adams*, Case No. 10-1554 MHP; *Howell v. Sexton*, Case No. 18-6645 EJD. Howell was advised in both cases to first obtain an order from the Ninth Circuit to authorize a successive petition. *Id*.

## DISCUSSION

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed . . ." 28 U.S.C. § 2244(b)(2). This is the case unless,

>>(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

Howell again presents a claim regarding the same underlying conviction from the prior federal petition. He argues that the prosecutor withheld favorable evidence. Yet, he has not provided evidence that the Ninth Circuit has authorized a successive petition. The petition is dismissed but Howell may refile the petition if he receives permission from the Ninth Circuit.

## CONCLUSION

1. The motion to proceed in forma pauperis (Dkt. No. 7) is granted.

2. The petition is dismissed without prejudice. A certificate of appealability is denied.

3. The Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: March 4, 2024

_____
JAMES DONATO
United States District Judge